Steven K. Ridgill, Esq. (SBN 338535)
224 Allegheny Circle
Placentia, CA 92870
Tel: (310) 684-9430
Email: sridgill@gmail.com
*Attorney for Petitioner, LINEDA BIEN-AIME*

**DETAINED**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINEDA BIEN-AIME, an individual,<br><br>Petitioner,<br><br>v.<br><br>DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and DOE 1, Adelanto ICE Processing Center,<br><br>Respondents. | Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241, ALIEN DETAINEE)**<br><br>***[EMERGENCY—IMMEDIATE RELEASE REQUESTED]***<br><br>Agency file no.: A234-643-446 |

**TO THE HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Petitioner LINEDA BIEN-AIME ("Petitioner"), A-Number 234-643-446, by and through her attorney of record, hereby petitions this Court for a Writ of Habeas Corpus pursuant to Article I, § 9, cl. 2 of the United States Constitution; 28 U.S.C. § 2241; 28 U.S.C. § 1331; 28 U.S.C. § 1651; and 28 U.S.C. §§ 2201-2202, and for an order directing Respondents (1) to release Petitioner immediately from detention under appropriate supervision, if any; or, in the alternative, (2) to provide a bond hearing within seven (7) days at which (a) the jurisdiction of the Immigration Judge to grant bond shall be deemed established, (b) the government shall bear the burden of proof, (c) the standard shall be clear and convincing evidence, and (d) the Immigration Judge must consider ability to pay and alternatives to detention; (3) prohibiting re-detention absent a bona fide, documented, individualized showing of changed circumstances; and (4) granting any further relief the Court deems just.

Petitioner concurrently files an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, and specifically requests that the Court immediately issue a provisional order that, while this matter is pending, Respondents shall not transfer Petitioner outside the

Central District of California, so as to preserve the status quo and this Court's jurisdiction pending adjudication of the Petition.

**INTRODUCTION**

1. Petitioner Lineda Bien-Aime is a 29-year-old asylum seeker from Haiti. She has no criminal record, no order of removal, and a pending application for asylum. She entered the United States lawfully on humanitarian parole, complied with every condition imposed on her, and was seized and detained when she appeared, as directed, for a routine biometrics appointment. She now seeks a writ of habeas corpus ordering her immediate release.

2. Respondents detain Petitioner without any individualized determination that she is a danger to the community or a flight risk, on the theory that, because her humanitarian parole has lapsed, she is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), for whom no immigration judge may set bond. That theory is foreclosed by controlling Ninth Circuit precedent. In *Rodriguez Vazquez v. Bostock*, No. 25-6842, ___ F.4th ___ (9th Cir. July 30, 2026), the Court of Appeals held that § 1225(b)(2)(A) reaches only noncitizens seeking entry at the border, and that noncitizens apprehended in the interior are detained, if at all, under 8 U.S.C. § 1226(a), which entitles them to an individualized bond hearing. Petitioner was apprehended in the interior. She is therefore not subject to mandatory detention.

3. Independently, Petitioner's detention violates the Due Process Clause of the Fifth Amendment. Having been released into the community and permitted to remain at liberty on the government's own determination that she posed no danger or risk of flight, Petitioner holds a protected liberty interest in remaining out of custody that the government may not extinguish without an individualized hearing. Her warrantless arrest, moreover, violated 8 U.S.C. § 1357(a)(2).

4. Because the immigration court is bound by agency precedent to deny Petitioner any bond hearing on the ground that she is an "arriving alien," *see Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025); 8 C.F.R. § 1003.19(h)(2)(i)(B), the administrative process affords her no remedy. Her unlawful detention can be redressed only by this Court.

## CUSTODY

5. Petitioner is currently detained under the authority of U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, as reflected in the ICE detainee locator record attached as Exhibit 5. Petitioner is in the physical custody and under the direct control of Respondents.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in custody in violation of the Constitution and laws

of the United States. Jurisdiction also lies under 28 U.S.C. § 1331, 28 U.S.C. § 1651, and 28 U.S.C. §§ 2201-2202.

7. Federal courts retain jurisdiction over core habeas challenges to the legality of immigration detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 293-96 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Petitioner does not challenge a discretionary judgment concerning bond, so 8 U.S.C. § 1226(e) is no bar; she does not seek review of a removal order, so 8 U.S.C. § 1252(b)(9) is no bar; and the individual, non-class relief sought here is not barred by 8 U.S.C. § 1252(f)(1).

8. Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 and 2242. Petitioner is detained at the Adelanto ICE Processing Center, in San Bernardino County, within this District, and her immediate custodian is located within this District. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004).

## PARTIES

9. Petitioner LINEDA BIEN-AIME (A-Number 234-643-446) is a native and citizen of Haiti, currently detained by Respondents at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301. She has been in Respondents' custody since on or about August 21, 2026.

10. Respondent DAVID J. VENTURELLA is the Acting Director of ICE. He is a legal custodian of Petitioner and is named in his official capacity.

11. Respondent MARCOS CHARLES is the Acting Executive Associate Director of Enforcement and Removal Operations for ICE. He is a legal custodian of Petitioner and is named in his official capacity.

12. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security. He is a legal custodian of Petitioner and is named in his official capacity.

13. Respondent TODD BLANCHE is the Attorney General of the United States. She is a legal custodian of Petitioner and is named in her official capacity.

14. Respondent DOE 1 is the Warden of the Adelanto ICE Processing Center, where Petitioner is detained, and is Petitioner's immediate physical custodian. Respondent DOE 1 is sued under a fictitious name given the unavailability of public information regarding his or her identity, and is named in an official capacity. Upon discovery of DOE 1's identity, Petitioner will seek leave to amend to provide the correct name.

## **<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>**

15. There is no statutory exhaustion requirement for a petition under 28 U.S.C. § 2241 challenging the lawfulness of immigration detention, and the Ninth Circuit does not require exhaustion where administrative remedies are inadequate, futile, or unavailable. *See Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Hernandez v. Sessions*, 872

F.3d 976, 988-89 (9th Cir. 2017). Any resort to the immigration court would be futile: as an "arriving alien" within the meaning of 8 C.F.R. § 1001.1(q), Petitioner is, under current agency precedent and regulation, categorically ineligible for a custody redetermination before an immigration judge. *See* 8 C.F.R. § 1003.19(h)(2)(i)(B); *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025).

## STATEMENT OF FACTS

16. The facts stated on information and belief below are based on Petitioner's relating of this information to the verifying party, who verifies this Petition on Petitioner's behalf because Petitioner is detained. All other facts are based on the verifying party's personal knowledge and the attached exhibits.

17. Petitioner is a native and citizen of Haiti, born in Delmas, Haiti, on August 6, 1997. A true and correct copy of Petitioner's passport biographical page is attached as **Exhibit 1**.

18. Petitioner entered the United States on August 17, 2024, having been granted parole under the Haitian Humanitarian Parole program (Form I-94 No. 124258999A4). A true and correct copy of Petitioner's Form I-94 is attached as **Exhibit 2**.

19. Petitioner's parole was set to expire on June 12, 2025.

20. On July 13, 2026, Petitioner filed an affirmative Form I-589, Application for Asylum and for Withholding of Removal, with U.S. Citizenship

and Immigration Services. A true and correct copy of the USCIS Form I-797C, Notice of Action, bearing Receipt No. LGL2690070619 and reflecting a received date of July 13, 2026, is attached as **Exhibit 3**.

21. On August 21, 2026, Petitioner appeared, as directed, for a biometrics appointment at a USCIS office. While there, she was approached by three adults. None wore insignia, uniforms, or any other identification indicating that they were ICE officers. One of them told Petitioner, "You have to come with us."

22. Petitioner asked who the individuals were and why they wanted her to go with them. Other than the fact that she had "no status," she received no answer and was told she'd be put into court proceedings. The individuals instead physically seized her, picked her up, handcuffed her, and forcibly moved her out of the office and toward a vehicle. They took her cell phone and other possessions without explanation. Petitioner was terrified and repeatedly asked who the individuals were and what they were doing.

23. Only after several minutes had passed, and only after Petitioner had been placed inside the vehicle, did one of the individuals state that they were ICE officers taking her into custody, saying only, "We're only doing our job." Petitioner was given no reason for her detention, no arrest warrant, no paperwork, and no advisement of the process or of her rights to challenge her detention.

24. ICE transported Petitioner to the Adelanto ICE Processing Center in Adelanto, California, where she remains detained, as reflected in the ICE detainee locator record attached as **Exhibit 5**. Petitioner has never before been detained by ICE.

25. On August 21, 2026, the Department of Homeland Security issued and personally served on Petitioner a Form I-862, Notice to Appear, charging her as an "arriving alien" removable under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). A true and correct copy of the Notice to Appear is attached as **Exhibit 4**. The Notice to Appear places Petitioner in removal proceedings under INA § 240, 8 U.S.C. § 1229a, and sets a hearing before the Immigration Court at Adelanto, California, on October 13, 2026. Petitioner's application for asylum remains pending.

26. Petitioner has no order of removal and no criminal record. She has a pending application for asylum, and she complied with every immigration obligation imposed on her, including appearing for the biometrics appointment at which she was detained.

27. Petitioner has substantial family and community ties to the United States. She resides in Los Angeles, California, and has multiple United States citizen siblings who reside in the United States. Among them is Petitioner's brother and blood sibling, Nerlin St Vil, a United States citizen who serves in the New

York Army National Guard at the rank of E-4. On November 8, 2025, Mr. St Vil filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf (Receipt No. IOE9302848113), which remains pending. A declaration from Mr. St Vil is attached as **Exhibit 6**. A true and correct copy of Mr. St Vil's U.S. Passport Card is attached as **Exhibit 7**. A true and correct copy of the USCIS receipt for the Form I-130 filed by Mr. St Vil is attached as **Exhibit 8**.

28. Petitioner's detention has caused severe hardship to her family, who depend on her and on whom she depends for support.

## STATUTORY AND LEGAL FRAMEWORK

29. Two provisions of the Immigration and Nationality Act govern the detention of noncitizens in removal proceedings. Section 235(b), 8 U.S.C. § 1225(b), governs applicants for admission seeking entry at the border; detention under that provision is mandatory, and an immigration judge has no authority to grant bond. Section 236(a), 8 U.S.C. § 1226(a), governs noncitizens apprehended within the United States; detention under that provision is discretionary, and the noncitizen is entitled to an individualized bond hearing before an immigration judge.

30. The Ninth Circuit has squarely held that § 1225(b)(2)(A) applies only to noncitizens seeking entry at the border, and not to noncitizens apprehended in the interior, who are instead detained under § 1226(a) and remain eligible for bond.

*Rodriguez Vazquez v. Bostock*, No. 25-6842, ___ F.4th ___ (9th Cir. July 30, 2026). The court grounded its holding in the statutory text and structure and in the longstanding pre-2025 practice under which only noncitizens arriving at the border were subject to mandatory detention under § 1225(b).

## CLAIMS FOR RELIEF

### I. CLAIM ONE

**Unlawful Detention in Violation of the Immigration and Nationality Act**

**(8 U.S.C. §§ 1225(b), 1226(a); 28 U.S.C. § 2241)**

31. Petitioner realleges and incorporates each of the foregoing paragraphs.

32. Petitioner was apprehended in the interior of the United States, at a USCIS office, and not while seeking entry at the border. Under *Rodriguez Vazquez v. Bostock*, she is therefore not an applicant "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A), and that provision does not authorize her detention.

33. Respondents' contrary position rests on the regulatory definition of "arriving alien" at 8 C.F.R. § 1001.1(q) and on *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). But a regulation and an agency adjudication cannot expand the reach of a statute beyond what its text permits, particularly where a federal court must independently determine the statute's meaning. *See Loper Bright Enters. v.*

*Raimondo*, 603 U.S. 369 (2024). Because § 1225(b)(2)(A) does not reach a noncitizen apprehended in the interior, the arriving-alien regulation cannot supply detention authority the statute withholds.

34. Petitioner is therefore detained, if at all, under 8 U.S.C. § 1226(a). Respondents have never afforded her the individualized custody determination that § 1226(a) requires, and the immigration court will not do so because it treats her as an arriving alien. Her continued detention without any individualized determination is contrary to the INA and unlawful.

35. Because the administrative custody process is, by Respondents' own account, categorically unavailable to Petitioner, remand to the immigration court would be futile and would leave her unlawful detention unremedied. In these circumstances a habeas court may order release. *See, e.g.*, *Orozco Torres v. Warden*, No. 3:26-cv-00646 (M.D. Fla. Mar. 31, 2026); *Alekseev v. Warden*, No. 26-0462 (E.D. Pa. Feb. 13, 2026). Petitioner is entitled to immediate release.

## II. <u>CLAIM TWO</u>

### Deprivation of Liberty Without Due Process of Law

### (Fifth Amendment; 28 U.S.C. § 2241)

36. Petitioner realleges and incorporates each of the foregoing paragraphs.

37. The Due Process Clause of the Fifth Amendment applies to all persons within the United States, including noncitizens, whether their presence is lawful or

unlawful, temporary or permanent. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). Freedom from physical detention lies at the heart of the liberty the Clause protects. *Zadvydas*, 533 U.S. at 690. Petitioner effected an entry on parole and has resided in the United States for approximately two years; she is not a noncitizen stopped at the threshold of the border, and the entry fiction does not deprive her of the protection of the Due Process Clause.

38. Petitioner was paroled into the community and permitted to remain at liberty based on the government's determination that she posed no danger and no risk of flight—a determination ICE could not have made otherwise, because civil immigration detention is permissible only to prevent flight or protect against danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Having been released, Petitioner has a protected liberty interest in remaining out of custody, which the government may not extinguish without an individualized determination. *See id.* at 1032 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)); *Meneses v. Santacruz*, 2025 WL 3481771, at *2-3 (C.D. Cal. Dec. 2, 2025).

39. In assessing procedural due process claims to immigration detention, courts in this Circuit apply *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See*

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205-07 (9th Cir. 2022). Each factor favors Petitioner.

40. First, the private interest is profound. Petitioner's liberty is at stake, and she has deep ties to the United States: she has resided here for approximately two years, has a pending application for asylum, has no criminal record, has complied with every immigration obligation, and has multiple United States citizen siblings who reside in this country—including her brother Nerlin St Vil, who serves in the New York Army National Guard and has filed a Form I-130 visa petition on her behalf that remains pending.

41. Second, the risk of erroneous deprivation is high. Respondents have detained Petitioner with no hearing of any kind, no finding that she is a danger or a flight risk, and no opportunity to be heard. The circumstances of her seizure—by plainclothes officers who identified themselves only after she was restrained, without a warrant, without any statement of reasons, and without any advisement of rights—confirm the complete absence of process. Nothing in Petitioner's record suggests she is a danger or a flight risk; to the contrary, she was detained while cooperating with the government at a scheduled appointment. *See Pinchi*, 792 F. Supp. 3d at 1034-35.

42. Third, the government's interest in detaining Petitioner without any individualized hearing is low, and the burden of providing one is not onerous. *See*

*Meneses*, 2025 WL 3481771, at *4; *Hernandez v. Sessions*, 872 F.3d at 994. Petitioner's detention without any individualized custody determination violates the Due Process Clause. She is entitled to immediate release or, in the alternative, to a prompt hearing at which the government must justify her continued detention by clear and convincing evidence and at which the decisionmaker must consider her ability to pay and alternatives to detention. *See id.* at 990-94.

## III. <u>CLAIM THREE</u>

**Unlawful Warrantless Arrest in Violation of INA § 287(a)(2)**

**(8 U.S.C. § 1357(a)(2); 28 U.S.C. §§ 2201-2202)**

43. Petitioner realleges and incorporates each of the foregoing paragraphs.

44. Under 8 U.S.C. § 1357(a)(2), an ICE officer may arrest a noncitizen without a warrant only if the officer has reason to believe that the noncitizen is in the United States in violation of law and that the noncitizen is likely to escape before a warrant can be obtained. That authority requires an individualized determination, made in advance of the arrest, that both conditions are satisfied.

45. Petitioner was arrested without a warrant, without any statement of probable cause, and without any documented assessment that she was likely to escape before a warrant could be obtained. She was not fleeing and was not avoiding proceedings; to the contrary, she was lawfully present at a scheduled biometrics appointment, in full cooperation with the government, and was pursuing

lawful immigration relief through a pending application. On these facts, no reasonable officer could have determined that Petitioner was likely to escape before a warrant could be obtained.

46. Petitioner's warrantless arrest therefore violated 8 U.S.C. § 1357(a)(2) and should be declared unlawful. The unlawful manner of her seizure further supports the relief Petitioner seeks and confirms the absence of any lawful, individualized basis for her detention.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter and issue a writ of habeas corpus;

b. Declare that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that her detention is governed, if at all, by 8 U.S.C. § 1226(a);

c. As the primary relief requested, order Respondents to release Petitioner from custody immediately, under such appropriate conditions of supervision, if any, as the Court deems appropriate, on the ground that her detention is not authorized by law and that the administrative custody process is categorically unavailable to her;

d. In the alternative, order Respondents to provide Petitioner, within seven (7) days, an individualized custody hearing before an immigration judge, at which:

i. the jurisdiction of the immigration judge to grant bond shall be deemed established;

ii. the government shall bear the burden of proof;

iii. the standard shall be clear and convincing evidence; and

iv. the immigration judge must consider Petitioner's ability to pay and alternatives to detention;

e. Declare that Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2);

f. Prohibit Respondents from re-detaining Petitioner absent a bona fide, documented, individualized showing of changed circumstances;

g. Issue a provisional order barring Respondents from transferring Petitioner outside the Central District of California during the pendency of these proceedings;

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

h. Award Petitioner her costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

i. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated August 28, 2026.

*/s/ [Steven K. Ridgill]*

Steven K. Ridgill, Esq. (SBN 338535)
224 Allegheny Circle
Placentia, CA 92870
Tel: (310) 684-9430
Email: sridgill@gmail.com
*Attorney for Petitioner*

# EXHIBITS

1. Petitioner's Haitian Passport Biographical Page
2. Petitioner's Form I-94 Entry Record
3. Petitioner's Form I-589 Receipt
4. DHS Notice to Appear
5. ICE Detainee Locator Page Information
6. Declaration of Nerlin St Vil
7. U.S. Passport Card of Nerlin St Vil
8. Form I-130 Receipt

# VERIFICATION

This petition cannot be immediately verified by LINEDA BIEN-AIME because she is in Respondents' custody. Consequently, the undersigned blood sibling of the Petitioner, Mr. Nerlin St Vil, hereby verifies that the information in this petition is true and correct to the best of my knowledge and belief based on information provided directly by the Petitioner.

SWORN under the penalty of perjury of the laws of the United States this date of August 28, 2026, at Los Angeles, California.

Nerlin St Vil, brother of Petitioner
Lineda Bien-Aime

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Petitioner, certifies that the preceding Petition for Writ of Habeas Corpus contains 3,386 words in compliance with L.R. 11-6.1.

Certified this date of August 28, 2026, at Los Angeles, California.

*/s/ [Steven K. Ridgill]*

Steven K. Ridgill, attorney for Petitioner